Chief Justice Robertson
delivered the opinion of the court.
This writ of error, is prosecuted to reverse a decree in personas, rendered against the plaintiffs in error, for the residue of a debt, after deducting the amount for which property, mortgaged tcse-cure the debt, had been sold, under a decree in the same suit, foreclosing the equity of redemption, and subjecting the mortgaged estate to sale.
It does not appear that the mortgagee had a right to any other relief, than a decree in rem. If the* chancellor would, without the mortgage, have had exclusive or concurrent jurisdiction of the demand, H would have been proper to have clo'sed t'he controversy, by sucha decree as that which was rendered; but, if a suit in chancery could not have been maintained to coerce the debt, independently of the mortgage, the power of the chancellor did not. extend beyond a decree of foreclosure and sale.
The legal inference, from the bill and the mortgage* is, that the debt was purely and exclusively legal, over which a court af equity had no jurisdiction, except so far as to enforce the lien: and there is no allegation in the bill, which could give the chancellor jurisdiction to render a personal decree. It would seem, therefore, as the ease is now presented, that the de *29 fendant in error ought to have resorted to a legal remedy, for so much of his'debt as remained due after the sale of the mortgaged estate; and that"the circuit court erred, therefore,in decreeing to him the amount so remaining unpaid. In other respects the decree was proper.
. John Bfeathitt, for plaintiffs.
Wherefore, the decree against the plaintiffs in er-tor, personally, is reversed, and the.cause remanded, with instructions to dismiss so'much of the bill, as claims a decree beyond foreclosure and sale, without prejudice to a suit at law, or to any other suit in chan-eery, if such a suit shall be proper.